UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF:    )    Case No:  B-0981608 C-13D
**ANTHONY MARTINEZ,**    )
**HOUDA MARTINEZ,**    )
    )
    Debtor(s)    )
_____)

## OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN

NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtors' plan pursuant to 11 U.S.C. §1325 and shows unto the Court the following:

1. The Debtors filed a petition under Title 11 of the United States Code, Chapter 13, on September 17, 2009, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On September 17, 2009, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The petition filed by the Debtors proposes a monthly plan payment of $220.00 for a period of at least 36 months.  There is no estimated return to general unsecured creditors.  The Debtors list unsecured debt of approximately $32,021.35 in Schedule "F".

5. In Schedule "A", the Debtors list ownership in real property located at 107 Stockade Court, Raeford, NC ("the real property") valued at $117,500.00.  The real property is encumbered by a deed of trust in favor of Wells Fargo Bank ("Wells Fargo").  Wells Fargo has filed a secured claim in the amount of $116,061.12 and has asserted arrearage in the amount of $2,833.91.

6. The Debtors have proposed to pay the ongoing mortgage claim of Wells Fargo directly to Wells Fargo.  The arrearage claim has been included in the plan as a secured claim to be paid through the Trustee's office.

1

7. In Schedule "B", the Debtors list ownership of two (2) vehicles as follows: (a) a 2008 Ford Ranger, having a fair market value of $6,960.00, subject to a lien in favor of BB&T in the approximate amount of $11,398.89.00; and (b) a 2008 Ford Expedition, having a fair market value of $21,510.00, subject to a lien in favor of Wachovia in the approximate amount of $25,090.00. BB&T has filed a claim secured by the Ford Ranger. The documentation attached to the claim reflects a contractual interest rate of 9.99% per annum and monthly installment payments of $246.28 for 75 months starting April of 2008.

8. The Debtors' plan provides for the payment of both claims to BB&T and Wachovia directly by the Debtors.

9. The Trustee objects to confirmation of the Debtors' plan in that the plan was not proposed in good faith pursuant to 11 U.S.C. §1325(a)(3). The plan is chiefly a means of financing the Debtors' attorney fees and payment of a co-signed loan with First National Bank of New Mexico. The plan imposes an administrative burden on the Trustee while paying no dividend to unsecured debts of approximately $32.021.00. Assuming the Debtors do not convert this case upon completion of disbursements to their counsel, and remain in the plan for 36 months, the Trustee will receive approximately $476.00 for administration of this case. Chapter 13 plans, such as this one, tend to shift a greater portion of the administrative costs of the Trustee's Office to other cases with more substantial payments.

10. The Trustee objects to confirmation of the Debtors' plan in that the plan was not proposed in good faith pursuant to 11 U.S.C. §1325(a)(3). During the administration of this case, the Trustee's Office will likely be required to devote some administrative time to the secured creditors, e.g., receive and docket secured claims, monitor insurance coverage, respond to the secured creditors' requests, both written and telephonic, and possibly issue storage notices in the event there is a lapse in insurance coverage. In providing that all secured creditors be paid directly, the Debtors' plan does not provide adequate compensation to the Trustee for these tasks.

11. The Trustee objects to confirmation of the Debtors' plan in that the plan was not proposed in good faith pursuant to 11 U.S.C. §1325(a)(3). The Trustee specifically objects to the Debtors being the disbursing agents on a mortgage claim with Wells Fargo that has an arrearage of $2,833.91 and two vehicle claims. Section 1326(c) creates a presumption in favor of the Trustee making payments to creditors and the Debtors have not provided a sound reason to overturn that presumption. In this District, it is a well-established practice that vehicle claims, and mortgage claims that are in arrears, be paid through the Trustee's office.

12. The Trustee objects to confirmation of the Debtors' plan in that the plan was not proposed in good faith pursuant to 11 U.S.C. §1325(a)(3). The Debtors' plan, with a payment of $220.00 per month, allows the Debtors to essentially pay their

counsel, pay selected secured claims directly, unfairly discriminate against the unsecured class of creditors and pay nothing to general unsecured claims, while enjoying the full benefit of Chapter 13 relief and protection of the Bankruptcy Court.

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtors' plan not be confirmed in that the plan does not comply with the provisions of the Bankruptcy Code, specifically 11 U.S.C. §1325(a)(3) and the case be dismissed for cause pursuant to 11 U.S.C. §1307;

2. That, in the alternative, the Debtors' plan be modified to provide for the payment of the automobile claims of BB&T and Wachovia, as well as the ongoing mortgage payments of Wells Fargo, through the Trustee's office and the plan payment be increased to accommodate said claims; or

3. For such other and further relief as the Court may deem just or proper.

This the 24th day of November, 2009.

                                               s/Benjamin E. Lovell
                                               Benjamin E. Lovell
                                               Attorney for the Trustee
                                               State Bar No: 23266
                                               P.O. Box 3613
                                               Durham, N.C. 27702
                                               Telephone: (919) 688-8065

CERTIFICATE OF SERVICE

       This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Rd., Raleigh, NC 27615, Anthony and Houda Martinez, 107 Stockade Ct., Raeford, NC 28376, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

       This 24th day of November, 2009.

                                                  s/Benjamin E. Lovell
                                                  Benjamin E. Lovell, Esq.
                                                  Attorney for the Standing Trustee